**Electronically Filed
Intermediate Court of Appeals
29855
21-OCT-2010
09:00 AM**

NO. 29855

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
AVEI MOEVAO, Defendant-Appellee,
and
AAA LOCAL BAIL BONDS, Surety-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-0041)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Surety-Appellant AAA Local Bail Bonds (AAA) appeals from the "Order Denying Motion to Set Aside Bail Bond Forfeiture and Discharge Surety" filed on April 28, 2009 in the Circuit Court of the First Circuit[1] (circuit court).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude AAA's appeal is without merit.

---

[1]  The Honorable Karen S.S. Ahn presided.

HRS § 804-51 (Supp. 2009) provides in relevant part:

> §804-51 **Procedure.** Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State . . . and shall cause execution to issue thereon immediately <u>after the expiration of thirty days</u> from the date that notice is given . . . to the surety . . . <u>unless, before the expiration of thirty days</u> from the date that notice is given to the surety, . . . <u>a motion</u> . . . <u>showing good cause why execution should not issue upon the judgment, is filed with the court</u>.

(Emphases added.) Thus, a surety has thirty days after it receives notice of the judgment and order of forfeiture of bail bond to file a motion showing good cause as to why the judgment should not be executed.

The Hawaiʻi Supreme Court in <u>State v. Camara</u>, 81 Hawaiʻi 324, 916 P.2d 1225 (1996), held that good cause "may be satisfied by the defendant, <u>prior to the expiration of the thirty-day search period</u>: (1) providing a satisfactory reason for his or her failure to appear when required; or (2) surrendering or being surrendered." <u>Id.</u> at 330, 916 P.2d at 1231 (emphasis added).

In the instant case, the Judgment and Order of Forfeiture of Bail Bond of Defendant Avei Moevao (Moevao) was filed on January 21, 2009. The record indicates the date of notice to AAA of the judgment and order that would start the thirty-day period within which AAA could file a motion showing good cause to stay the execution of the judgment of forfeiture was January 29, 2009.

On March 19, 2009, about one-and-a-half months after the judgment was filed, AAA filed a Motion to Set Aside Bail Bond Forfeiture and Discharge Surety.[2] AAA failed to file this motion within the thirty-day period required by HRS § 804-51.

Therefore,

---

[2] AAA's prior Motion to Set Aside Bond Forfeiture and Reinstate Bail was withdrawn when the circuit court indicated it would deny the motion given Moevao's failure to appear.

The "Order Denying Motion to Set Aside Bail Bond Forfeiture and Discharge Surety" filed on April 28, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, October 21, 2010.

On the briefs:

Jeffrey A. Hawk
(Hawk Sing & Ignacio)
for Surety-Appellant.

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3